1  BOWMAN AND BROOKE LLP
   Brian Takahashi (SBN: 146505)
2  970 West 190th Street, Suite 700
   Torrance, California 90502
3  Tel No:  310/ 768-3068
   Fax No:  310/ 719-1019
4
   BOWMAN AND BROOKE LLP
5  Sean A. Ramia (SBN: 172989)
   Parris H. Schmidt (SBN: 183999)
6  1741 Technology Drive, Suite 200
   San Jose, California 95110-1364
7  Tel No:  408/ 279-5393
   Fax No:  408/ 279-5845
8
   Attorneys for Defendant
9  JAGUAR LAND ROVER NORTH AMERICA, LLC

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

14  KYLA TRIPODI, an individual,          )  CASE NO.: _____
                                          )
15          Plaintiff,                    )  (Removed from Humboldt County
                                          )  Superior Court Case No. DR180238)
16  vs.                                   )
                                          )  **NOTICE OF REMOVAL TO THE**
17  JAGUAR LAND ROVER NORTH               )  **UNITED STATES DISTRICT COURT**
    AMERICA, LLC and DOE 1 through        )  **FOR THE NORTHERN DISTRICT OF**
18                                        )  **CALIFORNIA UNDER 28 USC § 1441**
    DOE 10, inclusive,                    )  **(DIVERSITY JURISDICTION); AND**
19                                        )  **DECLARATION OF PARRIS H.**
            Defendants.                   )  **SCHMIDT, EXHIBITS A-C**
20                                        )
                                          )
21                                        )  **Action Filed: April 11, 2018**
                                          )  **Trial: None**
22                                        )
                                          )
23                                        )
                                          )
24  _____       )

25

26

27

28

- 1 -

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
2    **NORTHERN DISTRICT OF CALIFORNIA:**

3        Defendant Jaguar Land Rover North America, LLC ("JLRNA") hereby removes
4    this case to the United States District Court for the Northern District of California
5    pursuant to 28 U.S.C. section 1441(b), based upon diversity jurisdiction as defined by
6    28 U.S.C. section 1332.

7        The basis for removal is as follows:

8        1.    On April 11, 2018, Plaintiff Kyla Tripodi filed a Complaint in the Superior
9    Court of the State of California, Humboldt County, titled *Kyla Tripodi v. Jaguar Land*
10   *Rover North America, LLC, et al,* Case No. DR180238 ("Action"), alleging causes of
11   action relating to Plaintiff's purchase of a 2016 Land Rover Range Rover, vehicle
12   identification number SALGS2KF1GA269238 ("Subject Vehicle"), against defendant
13   Jaguar Land Rover North America, Inc. ("JLRNA").  The Complaint alleges a violation of
14   the Magnuson-Moss Warranty Act under Chapter 15 U.S.C.A., Section 2301, *et. seq.*
15   and under Section 198-a of the General Business Law of the State of New York, and
16   seeks to have the Subject Vehicle repurchased, and also seeks civil penalties of two
17   times the amount of actual damages, as well as for an award of costs, fees, and
18   expenses.  The Complaint alleges the total purchase of the Subject Vehicle as
19   $106,129.00.  (See Declaration of Parris H. Schmidt ("Schmidt Decl."), ¶ 2, **Exhibit A**.)

20       2.    JLRNA was served with Plaintiff's Summons and Complaint on April 24,
21   2018, through its designated agent for service of process. (Schmidt Decl., ¶ 3.)

22       3.    On May 24, 2018, JLRNA answered Plaintiff's Complaint. (Schmidt Decl.,
23   ¶ 5, **Exhibit B**.)

24       4.    This is a civil action over which this Court has original jurisdiction under 28
25   U.S.C. section 1332, and it is one which may be removed to this Court by defendant
26   JLRNA pursuant to 28 U.S.C. section 1441(b) because it involves citizens of different
27   states, and the amount in controversy exceeds $75,000, exclusive of interest and costs
28   (Schmidt Decl., ¶¶ 4, 7 & 8.)

5.      This removal is timely filed as it is filed within 30 days after JLRNA's receipt through service of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"  28 US 1446(b)(1).  (Schmidt Decl., ¶ 3.)

6.      The Superior Court of the State of California for the County of Humboldt is located in the Northern District of California.  Therefore, venue is proper pursuant to 28 U.S.C. section 84 because this is the "district and division within which such action is pending . . . ." (See 28 U.S.C. §1446(a).) (Schmidt Decl., ¶ 4.)

7.      No previous application has been made for the relief requested herein. (Schmidt Decl., ¶ 9.)

8.      Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Humboldt.  (See Certificate of Service of Notice to Adverse Party).

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§1331, 1332, AND 1441

### A.      Diversity of Citizenship Exists

9.      The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants.  Any instance of common citizenship prevents federal diversity jurisdiction.  For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled.  (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)  A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).)  A party's residence is *prima facie* evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent.  *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  A corporation, on the other hand, is deemed to be a

citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  (28 U.S.C. §1332(c)(1).)

10.     A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable…"  (28 U.S.C. §1446(b)(1).)

11.     It is well-established that a suit not initially removable will remain in state court unless a "voluntary" act of the plaintiff brings about a change that renders the case removable, (*Self v. General Motors*, 588 F.2d 655 (9th Cir, 1978) (citing *Powers v. Chesapeake & O. Ry.*, 169 U,S. 92 (1898).)

12.     Plaintiff Tripodi, at the time this action was commenced, was and still is a citizen of the State of California.  Specifically, Plaintiff was and still is a resident of the State of California, County of Blue Lake, which is reflected by the allegations in the Complaint.  An August 14, 2017 Repair Order for the Subject Vehicle identifies a Post Office Box for Plaintiff located in Blue Lake, California, which is located in Humboldt County.  (Schmidt Decl., ¶ 4.)

13.     Defendant JLRNA, at the time this action was commenced, was and still is a limited liability company, organized under the laws of the State of Delaware, have their principal places of business in the State of New Jersey, and was not and is not organized under the laws of the State of California, wherein this action was brought. (*See* Schmidt Decl., ¶ 8.)  Complete diversity exists, and continues to exist as of the date of this filing. "Doe" defendants may be ignored for removal purposes. *See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).

### B.     The Amount in Controversy Requirement is Satisfied

14.     Plaintiff's Complaint alleges the total purchase price of the Subject Vehicle as $106,129.00, thus the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs, and this Action is removable.  (Schmidt Decl., ¶ 2.)

1      The amount-in-controversy exceeds $75,000 for the following reasons:

2      (i)     The action arises out of Plaintiff's alleged purchase, on or about January
3 19, 2017, of the Subject Vehicle, for total consideration of approximately $106,129.00.
4 (Schmidt Decl., ¶ 7.)

5      (ii)     Plaintiff alleges that she is entitled to actual damages.  (*Id.*)

6      (ii)     Plaintiff alleges that she is entitled to restitution.  (*Id.*)

7      (iii)     Plaintiff alleges that she is entitled to incidental and consequential
8 damages.  (*Id.*)

9      (iv)     Plaintiff alleges that she is entitled to recover costs, including attorney's
10 fees.  (*Id.*)

11      (v)     Plaintiff also alleges that she is entitled to recover a civil penalty of two
12 times actual damages (i.e., approximately $212,258.00).  (*Id.*)

13      15.     Based on the Sales Contract Plaintiff seeks, at a minimum, in excess of
14 $75,000 in monetary damages and civil penalties, not including other compensatory
15 damages or attorneys' fees.  (See *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th
16 Cir. 1999) (amount in controversy requirement may be established by showing that
17 such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth
18 facts in the notice of removal that support a finding of the requisite amount); *Brady v.*
19 *Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009 (U.S.D.C. N.D. Cal., 2002) (civil
20 penalties under California Song-Beverly Consumer Warranty Act are included in
21 determining whether amount in controversy for diversity jurisdiction was satisfied as civil
22 penalties under the Act, allowing up to two times the amount of actual damages as well
23 as compensatory damages, are akin to punitive damages).)  Accordingly, the amount in
24 controversy is satisfied.

25      16.     Based upon the foregoing, all requirements for diversity and federal
26 question jurisdiction have been met.  Defendant JLRNA therefore requests that this
27 action now pending against it in the Superior Court of California, County of Humboldt,

28

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA UNDER 28 USC § 1441 (DIVERSITY AND FEDERAL QUESTION
JURISDICTION); AND DECLARATION OF PARRIS H. SCHMIDT, EXHIBITS A-C

1   be removed to this Court, and that this Court assume complete jurisdiction in this

2   matter.

3         17.    This removal is timely filed as it is filed within 30 days after JLRNA's

4   receipt through service on April 24, 2018 of "the initial pleading setting forth the claim

5   for relief upon which such action or proceeding is based…"  28 US 1446(b)(1).  (Schmidt

6   Decl., ¶¶ 3 & 6.)

7         18.    JLRNA will promptly notify Plaintiff's counsel and the Superior Court of

8   this removal as required by 28 U.S.C. section 1446(d).

9   DATED:  May 24, 2018             BOWMAN AND BROOKE LLP

10

11                           BY:   */s/ Parris H. Schmidt*

12                                Brian Takahashi
                                  Richard L. Stuhlbarg

13                                Parris H. Schmidt
                                  Attorneys for Defendant

14                                JAGUAR LAND ROVER OF NORTH
                                  AMERICA, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA UNDER 28 USC § 1441 (DIVERSITY AND FEDERAL QUESTION
JURISDICTION); AND DECLARATION OF PARRIS H. SCHMIDT, EXHIBITS A-C

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF PARRIS SCHMIDT

I, Parris Schmidt, declare as follows:

1.      I am an attorney admitted to practice before all courts of the State of California and the Northern District Court.  I am a Senior Counsel at Bowman and Brooke LLP, attorneys of record for Jaguar Land Rover North America, LLC ("JLRNA"). I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto.

2.      On April 11, 2018, Plaintiff Kyla Tripodi filed a Complaint in the Superior Court of the State of California, Humboldt County, titled *Kyla Tripodi v. Jaguar Land Rover North America,* LLC; Case No. DR180238 ("Action"), alleging causes of action relating to Plaintiff's purchase of a 2016 Land Rover Range Rover, vehicle identification number SALGS2KF1GA269238, against defendant Jaguar Land Rover North America, LLC.  The Complaint alleges a violation of the Magnuson-Moss Warranty Act under Chapter 15 U.S.C.A., Section 2301, *et. seq.* and under Section 198-a of the General Business Law of the State of New York, and seeks to have the Subject Vehicle repurchases, and also seeks civil penalties of two times the amount of actual damages, as well as for an award of costs, fees, and expenses.  The Complaint alleges the total purchase of the Subject Vehicle as $106,129.00.

3.      On April 24, 2018, JLRNA was served with Plaintiffs' Summons and Complaint through its designated agent for service of process.  A true and correct copy of Plaintiff's Summons, Complaint, and the Notice of Service of Process received by JLRNA is attached hereto as **Exhibit A**.

4.      Plaintiff's Complaint attached hereto states Plaintiff is a resident of the State of California, County of Blue Lake.  An August 14, 2017 Repair Order for the Subject Vehicle identifies a Post Office Box for Plaintiff located in Blue Lake, California, which is located in Humboldt County.  A true and correct copy of a Repair Order for the Subject Vehicle is attached hereto as **Exhibit C**.

- 7 -

5.      On May 24, 2018, JLRNA filed an answer to Plaintiffs' complaint.  A true and correct copy of JLRNA's Answer to Plaintiff's Complaint is attached hereto as **Exhibit B**.

6.      This removal is timely filed as it is filed within 30 days after JLRNA's receipt through service on April 24, 2018 of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

7.      The action arises out of Plaintiff's alleged purchase, on or about January 19, 2017, of the Subject Vehicle, for total consideration of approximately $106,129.00. In this action, Plaintiff alleges that she is entitled to recover: (i) actual damages, (ii) restitution, (iii) incidental and consequential damages, (iv) recover costs, including attorney's fees, and (v) recover a civil penalty of two times actual damages under the Magnuson-Moss Warranty Act and the General Business Law of the State of New York (i.e., approximately $212,258.00).

8.      Defendant JLRNA, at the time this action was commenced, was and still is a limited liability company, organized under the laws of the State of Delaware, have their principal places of business in the State of New Jersey, and was not and is not organized under the laws of the State of California, wherein this action was brought.

9.      No previous application has been made for the relief requested herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of May, 2018, at San Jose, California.


_/s/ Parris H. Schmidt_

- 8 -